Chief Justice Robertson
delivered the opinion of the court.
I?i" 1818, Dougherty’s heirs obtained a judgment in ejectment against Thomas A. Thompson and others. Thompson having injoined the judgment, his bill was dismissed and his injunction dissolved, except as to an inconsiderable portion of the land; and the decree was affirmed by this court in January, 1827.
Thompson having died intestate in 1825, A. W. Turner, as the administrator, leased, in 1826, a part of the land, for which the injunction was afterwards dissolved, to Hyeronemus, and a part to Harris. ' Hyeronemus leased his part to Lunsford.
In June, 1828, Dougherty’s heirs obtained a judgment for a habere facias possessionem, on a scire facias which had been served on 'A. W. Turner, but to which Harris and Lunsford, who remained in possession as his tenants, were not parties.
On the 9th of August, 1828, Green Clay, as the beneficial party to the ejectment and the scire facias, leased to Harris and Lunsford, (who attorned to him after the judgment on the scire facias) the same tenements which had been leased to them by A. W. Tur ner.
In August, 1829, this action of ejectment was brought on the demise of A. W. Turner and others, to recover from Harris and Lunsford, the land which they had leased from Turner and afterwards from Clay.
The foregoing facts having been proved or admitted on the trial, the circuit court, on the motion of the counsel for Turner, instructed the jury, that as Harris and Lunsford had acquired the possession as tenants under Turner, they were thereby, estopped to gainsay his title; and that, consequently, he was entitled to a judgment without any other proof of title. Wherefore, a verdict and judgment were rendered against the appellants.
In genoriil, » tenant cannot dispute the title of hia landlord.
But whenever it is ascertained by a competent judgment or decree that thij landlord’s title is insufficient for the security of the tenant, the tenant may-renounce the relation, and take shelter under the paramount title.
After judgment'of eviction against a tenant, he may attorn to the success.-, ful party without an actual eviction by habcre facias possessionem.
So after judgment of eviction against a tenant he may without the consent of his landlord, attorn, or surrender tb<? possession to the successful party..
Persons, who enter as tenants, after a judgment in ejectment, are not necessary parties to a Scire facias to revive the judgment.
*105 As a general rale of law, no one is more firmly established, than that which exacts from a tenant fidelity to the title of his landlord; “The tenant shall not dispute the title of his landlord.”
But this salutary rule is not universal in its application. As it is a rational rule, it will not be extended beyond the principle, on which it is founded. “Allegiance^ and “protection” are correlative and coextensive.- Whenever it is ascertained by a competent judgment or decree that the landlord’s title is insufficient for the security of the tenant, the relation between them may be renounced and the tenant may protect himself by taking shelter under the paramount title.
In this respect a judgment of eviction against the tenant, would be as effectual as an actual eviction. The judgment would entitle the successful party to the possession by entry without process, and the tenant not only may, but should submit without l-cquiring actual force to evict him. Such is the reason as well as the letter of the law. The 16th section of an act of 1796,(1st Dig. 316,) declares that; “the attornment of a tenant to any stranger, “shall be void, unless it be with the consent of the landlord)- or pursuant to, or in consequence of the judgment of a court-of.law or the order or decree of a court of equity.”
It is not denied that if the judgment'on the scire facias had been rendered against the appellants as parties, they might have legally attorned and taken protection under the successful party. But as they were not parties to the scire facias, the counsel for the ap-.. pellee, insists that they had no right to attorn or surren-. der the possession without the consent of A. W. Turner under whom they entered. We cannot perceive any reason for such a distinction, without so far as we can see, any difference in principle in the two cases. The same principle must be applicable equally, to both of them. The appellants might have been evicted by habere facias, in consequence of their privity with the party against whom the judgment was rendered.
They entered long after the judgment in ejectment against Thompson. The object of the scire facias vnxs to have process for enforcing that judgment. It was not necessary to make the appellants, who entered as tenants after the If had *106 not died, a scire facias would not have been necessary, and then it would have been clear that the appellants could have been evicted by a habere facias on the original judgment. As the entry by the appellants did not render a scire facias necessary for enforcing the judgment, therefore the judgment on the scire facias was as effectual against them, as the original judgment would have been if it could have been effectuated’ without revivor.
As the land-low} is cdiisiilered inposscssion ofland occupied by Ms tenants,he may, as ter- . re-tenant, be made a party to a scire farms to revive a judment in ejectment /or the land.
The landlord being considered as in possession, was made the party as ierre tenant.'-, and to, that, there can be 119 objection.
If, the.j?efoz'e(, Clay had authority from Dougherty’s,, heirs to take possession'of- the, land, the appellants had a right to surrender the possession to him, or attorn, as they did to him in August, 1828, after the judgtncnt-for execution. The attornment was legal “in consequence of a judgment of a court of law;” and the appellants were not bound by their fealty to the title under which, they entered, to resist the judgment and require actual. eviction. Therefore, thcir’áttornment may have been legal * and if it were, the court erred in its instruction. Clay’s authority has not been seriously questioned; and prima facie, it seems to have been sufficient.
The leases Try Clay, were made, after the judgment for execution, and before a supersedeas to that judgment had been obtained; consequently, as Clay had a right to enter, and it was the duty of the appellants to surrender the possession to him, their attornment to him cannot he affected by such matter cx post facto* What effect might have resulted from, a reversal of the judgment on the scire facias, we are not. now called ón to decide.
Nor is the legality of the attornment affected by the fact that Thompson was dead when this court aft firmed the .decree of the circuit court dissolving his injunction to the judgment in ejectment. We will not presume that the decree of this court was a nullity. The record has not been exhibited. But the injunction lias been dissolved; and a judgment for execution has since been obtained. It was proper, therefore, for the appellants to submit to the judgment 911 the scire facias.
The objection now made to the scire facias and to the judgment upon it, because the term is not shown *107 in them, must be equally unavailing. The judgment may be erroneous, but it was not void. Until reversed, it would have entitled Dougherty’s heirs to possession and would have enabled them to evict the appellants by execution.
Owsley and GV/perion, for appellants-, Turner, for appellees.
Wherefore, as the circuit court erred in instructing the jury that the appellants had no right to deny the title óf A-.’W. Turner, or to require proof'of it, the judgment is reversed and the cause remanded for a new trial.