CASE 74—PETITION EQUITY—NOVEMBER 4.

# Brewer & Orr v. Cosby.

APPEAL FROM WEBSTER CIRCUIT COURT.

1. GROWING CROPS NOT SUBJECT TO EXECUTION.—The act of March 10, 1856 (1 Stanton, 553), to prevent fraudulent assignments, etc., was not designed to operate on sales of property not subject to the payment of debts not subject to execution.
2. *The mortgage of a growing crop of tobacco by an insolvent debtor, when it was not subject to execution,* did not operate as an assignment of all the mortgagor's property and effects to his creditors under said statute of March 10, 1856.

3. *A mortgage which is not made in contemplation of insolvency* is not prohibited by the statute, and is valid, although it may be made to prefer one over other creditors. (Terrill, &c. v. Jennings, 1 Metcalfe, 450.)

W. C. GIVENS, . . . . . . . . . . . . For Appellant,

CITED

Act of March 10, 1856.

BAILEY & HAYNES, . . . . . . . . . . For Appellants,

CITED

Revised Statutes, 1 Stanton, 553, 554.
Revised Statutes, sec. 7, chap. 26; sec. 23, chap. 80.
Civil Code, section 474.
3 J. J. Marshall, 265, Cosby v. Ferguson.
3 Metcalfe, 259, Samuel, &c. v. Salter.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

In Cummins v. Griggs & Hayes (2 Duvall, 87) this court held that the sale of a growing crop of tobacco in August by a debtor, the price being paid, with an agreement that the vendor should remain in the ostensible possession to cut and cure the crop after it was matured, was not constructively fraudulent as to his creditors, and that the sale passed the title to the vendee.

In Morton v. Ragan & Dickey (5 Bush, 334) it was held that the sale of a growing crop before it was matured, and when it was on that account exempt from execution, would pass the title to the purchaser, and he could hold it against attaching creditors.

The act to prevent fraudulent sales, mortgages, etc., approved March 10, 1856, was not designed to operate on sales of property not subject to the payment of debts; the creditors of persons making sales, etc., of such property are not prejudiced thereby. Nothing has been disposed of which they could appropriate to their debts. Nor is it any answer to say that if the crop had remained and been matured it might have

been made liable to his debts. As well might it be said that a debtor who has but two horses or work-beasts can not sell one of them, because if he had kept both he might have acquired a third one, and then one would not be exempt. And besides it would be unreasonable to believe that the legislature ever intended that a sale of property not subject to the payment of debts should operate as an assignment of all the vendor's property and effects to his creditors, when the very thing sold could not be touched by those creditors.

The facts agreed show that the mortgagor of the growing crop of tobacco was insolvent when he made the mortgage. It could not then have been made in contemplation or in expectation of insolvency, that event having already transpired; and this court has repeatedly held that a mortgage which is not made in contemplation of insolvency is not prohibited by the statute, and is valid, although it may be made to prefer one over other creditors. (Terrill, &c. v. Jennings, 1 Metcalfe, 450.)

It results therefore that in adjudging that the mortgage from Price to appellants operated as an assignment to the benefit of all of Price's creditors, the court erred to the prejudice of appellants, and the judgment must be reversed, and the cause be remanded with directions to dismiss appellee's petition, and to permit appellants to prosecute their cross-action against Needham Price to foreclose their mortgage, and for further proceedings consistent herewith.