CHIEF JUSTICE LINDSAY
delivered the opinion op the court.
The mortgage frQm Lee to O’Brien was not intended to secure the payment of a debt, but to indemnify the mortgagee as the surety of the mortgagor to a third party. Still as it is not shown that the misrecital or misstatement in this regard was intended as a fraud, the mortgage is not void.
But the court below properly adjudged that it operated as an assignment of all the estate of the mortgagor for the benefit of all his creditors under the provisions of article 2, chapter 44, General Statutes.
*359 But the chancellor, following the case of Brewer & Orr v. Cosby (8 Bush, 388), erroneously held that the crop of tobacco did not pass to the general creditors because it was a growing crop, and not subject to levy and sale under execution at the time the mortgage was made.
The statute provides that a sale, mortgage, or assignment coming within its inhibitions shall operate as an assignment and transfer of all the “ property and effects ” of the debtor, and it is therefore immaterial whether it be or not subject to execution. The only question is whether it is subject to the payment of the grantors, mortgagors, or assignors’ debts. The tobacco was certainly subject in equity to the payment of Lee’s debts, although it could not have been taken under execution because not severed from the ground. The case of Brewer & Orr v. Cosby is overruled, and the judgment of the chancellor as to the crop of tobacco is reversed, and the cause remanded for further proceedings consistent with this opinion.