Farmers' Bank of Kentucky v. Morris, &c.

---

CASE 30—EQUITY—DECEMBER 4, 1880.

# Farmers' Bank of Kentucky v. Morris, &c.

| 79 | 157 |
| f131 | 763 |

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

1. After a return of "no property" upon an execution, the growing crop of the debtor may be subjected, by a proceeding in equity, to the payment of the debt before the first of October.
2. Although a growing crop is not subject to execution until the first day of October, yet, under the 439th section of the Civil Code, a court of equity, upon the return of the execution, will subject the crop, with due regard to the rights of both creditor and debtor, before that time.

A. DUVALL FOR APPELLANT.

1. The code authorizes the plaintiff, after a return of "no property," to institute his action for the discovery of any money, choses in action, equitable or legal interest, and all other property to which

the defendant is entitled, &c., &c. (Bank of Louisville v. Barrick, 1 Duv., 51; Blincoe v. Lee, 12 Bush, 358.)

2. It is clear that a court of equity, after such return, will subject the growing crop at any time, having regard to the rights of the parties.

MALCOLM YEAMAN FOR APPELLEE.

1. The statute provides that no growing crop shall be levied or sold under execution, unless severed from the ground, until after the first day of October.

2. If it may be taken under attachment in September, it may be taken in June. Clearly, it never was intended that the plain provisions of the statute should be disregarded under the forms of a proceeding in equity.

3. A crop not severed from the ground is no more subject than the two beds of the house-keeper. The case of Blincoe v. Lee, 12 Bush, 358, is no authority for the proceeding.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant, having judgment and execution with return of "no property," instituted this action in equity, obtained an attachment, and caused it to be levied September 5th, 1876, upon a growing crop. From a judgment discharging the attachment, this appeal is taken. The correctness of that ruling is the only question for our consideration.

Section 439 of the Civil Code, which authorizes a proceeding in equity on return of "no property," was intended to enable the creditor to subject to the payment of his claim "any money, chose in action, equitable or legal interest, and all other property to which the debtor is entitled." It affords a remedy that did not exist at law, because of the inability of the law court to reach all the interests and property of the creditor by execution, which is the only means by which that court can enforce its judgments.

But it is insisted for appellee that the provision of the statute which forbids the levy and sale, under execution, of a growing crop until after the first day of October, applies to a proceeding like this, and practically operates to exempt

Farmers' Bank of Kentucky v. Morris, &c.

to the debtor the growing crop up to the time at which an execution may be levied. This, we think, was not the intention of the law-makers. It was designed only to take away the remedy by execution, and not to exempt the property to the debtor, nor to deprive the creditor of any other means of enforcing his demand. If the intention had existed to exempt the property during a certain period, instead of taking away one of the remedies for the enforcement of the demand, the legislature would have expressly declared the exemption or the suspension of all remedy during the period.

There are weighty reasons why the legislature might not be willing that a growing crop should be seized and sold under execution that would not apply to a proceeding in equity to subject the same property. In the latter case the chancellor has the power to so direct the enforcement of the demand as to protect the rights and interest of the debtor as well as of the creditor. But that consideration is immaterial, since no intention to take away the remedy in equity appears in the statute. (Blincoe v. Lee, 12 Bush, 358.)

The court erred in discharging the attachment.

Wherefore, the judgment is reversed, and cause remanded with directions for further proceedings.