## Lowther Oil & Gas Company, et al. v. McGuire.

(Decided September 24, 1920.)

### Appeal from Estill Circuit Court.

1. Alteration of Instruments—Forgery.—The fraudulent alteration of a deed by erasing the name of the grantee, after its execu-

tion and delivery, and substituting another as grantee is such a fraudulent alteration as to render the deed a forgery and ineffectual to vest any interest in the grantee whose name was fraudulently inserted, and a purchaser from such grantee acquires no greater interest than his vendor and is not entitled to the equities of a bona fide or innocent purchaser.

2. Execution—Sheriff's Deed Made Under.—One relying on a sheriff's deed made under an execution sale must, in addiiton to producing his deed, also introduce the judgment or a certified copy thereof upon which the execution issued and such portions of the record as are necessary to establish the jurisdiction of the court over the person of the defendant. If, however, the pleadings do not put in issue the existence of the judgment, no such requirement as to its introduction will be demanded if the party relying on it has properly alleged its existence.

3. Execution—Sheriff's Sale of Land—Pleading.—The pleadings in this case examined, as well as an agreed order controverting certain pleadings, and found insufficient to deny or put in issue plaintiff's allegation as to the existence of the judgment under which he made his purchase at a sheriff's sale.

GRANT E. LILLY and H. H. RAMEY for appellants.

C. C. TURNER and MILLER & CHAPMAN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Claiming to be the owner of a certain tract of land in Estill county by purchase at a sheriff's sale, made pursuant to an execution placed in his hands to satisfy a judgment against John W. Flynn, who was the owner of the property at the time, and that the deed under which John W. Flynn acquired title was altered by erasing the name of John W. Flynn and substituting the name of his son, Chas. W. Flynn, plaintiff, J. B. McGuire, brought this suit against Chas. W. Flynn and others to cancel the deed to Chas. W. Flynn, as well as a certain oil and gas lease executed by Chas. W. Flynn to C. F. Lowther, and assigned by Lowther to others, and to quiet his title. Defendants' separate answers contained only partial denials (as will hereinafter appear) and pleaded champerty and in addition the lessees of Chas. W. Flynn claimed the protection afforded innocent purchasers. On final hearing plaintiff was granted the relief prayed for and the defendants appeal.

According to plaintiff's evidence, the land was owned by Henry Marcum. On July 16, 1910, Marcum and wife conveyed the land to John W. Flynn, but the deed was not then put to record. While the title was in John W.

Flynn it was sold by the sheriff of Estill county under an execution from the Lee circuit court. McGuire became the purchaser thereof and a deed was executed to him by the sheriff on January 23, 1916, and it was recorded on August 26, 1916. After McGuire's purchase of the property the name of John W. Flynn was erased from the deed, and the name of Chas. W. Flynn substituted therefor. The deed was then put to record on October 8, 1917. According to the evidence for defendants, the deed in the first instance was made to Chas. W. Flynn and John W. Flynn never had any interest in the land.

The court necessarily found in favor of plaintiff the contested facts of (a) the fraudulent alteration of the Marcum deed by substituting the name of Chas. W. Flynn as grantee in lieu of his father, John W. Flynn, the actual grantee, and to whom the Marcum deed was executed and delivered and who was the defendant in the execution under which the land in controversy was sold, and (b) the defense of champerty, and we are convinced that the testimony in the record supports both findings. In fact, the testimony upon those two issues is of such a nature as to leave but little, if any, doubt in our mind as to the correctness of the court's conclusion upon them. Such conclusions, to say the least of it, are not against the preponderance of the evidence upon either of the issues, and unless so, under numerous rulings of this court, it is not within our province to disturb them. We shall therefore proceed with this opinion upon the theory that the Marcum deed was fraudulently altered after its execution and delivery to John W. Flynn, the father, so as to make it appear to have been executed to Chas. W. Flynn, the son, and upon the further theory that there was no adverse actual possession of the land by Chas. W. Flynn at the time of the execution sale so as to call for the application of the statute (section 210) against champerty.

It is insisted, however, that the other defendants, whose claims as lessees were obtained from Chas. W. Flynn, acquired their interest as such lessees without knowledge, actual or constructive, of plaintiff's deed from the sheriff, and that they are therefore innocent purchasers and are entitled to the protection afforded such purchasers. It is true that the recording of the sheriff's deed to plaintiff might not be sufficient to convey constructive notice to the lessees of Chas. W. Flynn,

since there appeared of record no connected chain of title from the Marcums. It may also be admitted for the purpose of this case that the lessee defendants had no actual notice of plaintiff's deed; but these facts are insufficient to entitle them to the benefits of *bona fide* or innocent purchasers. A fraudulent material alteration of a deed is in law a forgery. 19 Cyc. 1374; Devlin on Real Estate, vol. 1, section 461a; Bardin v. Grace, 167 Ala. 453, 1912 A. Ann. Cas. 537. It is likewise true that a forged deed is absolutely void and is ineffectual for any purpose. Authorities, *supra,* and Devlin on Real Estate, vol. 2, section 726; 18 Corpus Juris, pages 224 and 242. In such cases purchasers from the vendee in the void instrument obtain no better title than that possessed by their vendor and are not entitled to the protection afforded to *bona fide* and innocent purchasers. Authorities, *supra,* and 13 Cyc. 591. In the last citation upon this point the text says: "But where the deed is regarded as absolutely void it is held that even such a purchaser (innocent or *bona fide*) can obtain no title. And no title can be obtained even by an innocent party under a deed which is forged." The text on page 242 of the volume of Corpus Juris referred to says: "But where the deed is regarded as aboslutely void it is held that even such a purchaser can obtain no title." Section 726 of Delvin on Real Estate referred to says, *inter alia*: "The provision of the statutes that deeds affecting the title of land shall be void as against subsequent purchasers and creditors without notice, if not recorded, has no application to deeds which are forged." Other authorities announcing the same doctrine are Pry v. Pry, 109 Ill. 466; Cole v. Long, 44 Ga. 579; De Wolf v. Hayden, 24 Ill. 525, and Crawford v. Hoeft, 58 Mich. 1. It is therefore clear that this defense is not available under the facts of this case.

But notwithstanding the failure of the defendants to manifest any right in and to the land in controversy, the judgment should be reversed, if plaintiff failed to establish in himself title thereto, since he must succeed on the strength of his title and not on the failure of title in the defendants.

The law seems to be well settled that a purchaser at a sheriff's sale of real estate under execution, in order to support his title, must not only offer his deed in evidence, but must also prove a valid judgment. 10 R. C. L., p. 1361; McGuire v. Kouns, 7 T. B. Mon. 386, 18 Am.

Dec. 187; Swafford v. Herd's Admr., 65 S. W. 803, 23 Ky. L. Rep. 1556; 3 Freeman on Executions, section 325. The recovery of the judgment may be established by producing a properly certified copy of it and of so much of the record as shows that the court had jurisdiction of the defendant. Upon the trial of this case plaintiff introduced his deed, containing recitations by the sheriff of the judgment, execution, advertisement and sale, but he did not offer the judgment or any certified copy thereof or any portion of the record establishing the court's jurisdiction of the person of John W. Flynn, the defendant therein, and it is insisted that he did not bring himself within the requirements of the law, as above shown, and the court should have dismissed his petition. This position is sound and should be applied in this case if the pleadings are sufficient to put in issue the existence of the judgment. If they are insufficient for that purpose plaintiff was not required to prove the judgment against John W. Flynn since he alleged in his petition its existence. The answer of the two Flynns upon this point contained this allegation:

"The defendants deny that the plaintiff became the purchaser of said land under an execution sale or otherwise and they deny that John W. Flynn owned said land at the time of the sale and purchase by the plaintiff or at any other time."

C. F. Lowther in his answer made this denial:

"Denies that plaintiff became the owner of said land by reason of the purchase of same at the sheriff's sale, or that said land was sold by the sheriff of Estill county by reason of an execution placed in his hands to satisfy a judgment against John W. Flynn; or that the said John W. Flynn owned said land at the time of the sale and purchase by the plaintiff as aforesaid, or that said John W. Flynn ever owned any interest in said property."

The Lowther Oil & Gas Company in its petition to be made a party, upon this point, only said:

"Petitioner denies that plaintiff became the owner of said land by reason of the purchase of same at the sheriff's sale, or that the said John W. Flynn owned said land at the time of the sale and purchase by the plaintiff as aforesaid, or that said John W. Flynn ever owned any interest therein."

The same denial in substance is made by D. V. Lowther in his petition to be made a party. In none of these denials is the rendition or the existence of the

judgment put in issue, as will be readily seen from the quotations made from the pleadings. They, in substance, deny only the sale of the land by the sheriff, the purchase of it by the plaintiff at that sale and the ownership of the land at that time by John W. Flynn. Unless, therefore, something else appears in the record independent of the written pleadings and in aid thereof, the existence of the judgment was not made an issue and plaintiff was not required to prove it. But it is insisted that an order made on the day the judgment appealed from was rendered supplies the omission of the written pleadings in this respect and creates an issue as to the existence of the judgment under which the land was sold. That order reads:

"It appearing that the affirmative matter of the petition of D. V. Lowther and the Lowther Oil Company to be made party defts. has not been denied by reply or answer and that the affirmative allegations of plaintiff's 1st, 2nd, and 3rd amended petitions in equity, have not been responded to or denied, it is now agreed between the parties, both plaintiff and the defendants, that the affirmative matter of all pleadings, not denied by pleading, be and the same are hereby controverted of record, to have the same effect as though properly set up in a pleading containing such denial."

It will be observed that the order recites certain written pleadings which had not been responded to by other written pleadings and then says: "It is now agreed between the parties, both plaintiff and the defendants, that the affirmative matter of all pleadings, not denied by pleading, be and the same are hereby controverted of record." That language of the order to our minds is susceptible of no other construction and should have no other effect than to controvert all written pleadings which had not theretofore been responded to by a written pleading. The very fact that the order recites certain pleadings which had not been so responded to indicates quite conclusively that the order was intended to have the effect indicated. In fact, the only reason recited for making the order was because it appeared "That the affirmative matter of the petition of D. V. Lowther and the Lowther Oil Company . . . has not been denied by reply or answer and that the affirmative allegations of plaintiff's 1st, 2nd and 3rd amended petitions in equity, have not been responded to or denied." Manifestly it was the intention only to put in issue the

allegations of those pleadings, to none of which a responsive pleading had been filed, and it was not intended, nor did the order as written have the effect, to controvert or deny any allegation in a pleading to which a responsive pleading *had been filed*. We are fortified in this view by the fact that the court who entered the controverting order gave to it the same effect. This being our construction of the effect of the order, it results that the existence of the judgment, under which the land was sold, was nowhere controverted in the record and it was therefore unnecessary for plaintiff to prove its rendition as required by the law if its existence had been denied. We do not regard the other points, discussed in brief of counsel, as material or meritorious.

Wherefore, the petition for rehearing is sustained, the former opinion withdrawn, and the judgment is affirmed.