## Eversole, et al. v. Kentucky River Coal Corporation.

(Decided November 5, 1920.)

### Appeal from Perry Circuit Court.

1. Cancellation of Instruments—Presumptions and Burden of Proof.— Section 3760 of the Kentucky Statutes and decisions construing it cast the burden upon the one asserting the contrary to show that material alterations appearing upon the face of a deed, duly acknowledged and certified, were made after its execution and delivery since the presumption will be indulged that they were made before that time.

2. Cancellation of Instruments—Burden of Proof.—In this case where the deed is sought to be cancelled because of its being forged and therefore void, the evidence is insufficient to show that the grantors did not sign and acknowledge the deed and although the deed upon its face shows that material alterations have been made therein, plaintiffs who attack it failed to discharge the

burden which the law casts upon them to prove that the altera-
tions were made after the deed was executed and delivered.

J. K. P. TURNER, CHARLES WOOTON and W. C. EVERSOLE
for appellants.

W. O. DAVIS, JESSE MORGAN, MILLER & CRAFT and P. T.
WHEELER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and defendant below, Kentucky River
Coal Corporation, is the remote vendee of James Ever-
sole of the mineral in and under a tract of land in Perry
county containing 150 acres. The deed under which
James Eversole is supposed to have acquired title to the
mineral purports to have been executed by William Ever-
sole and wife, Nancy Eversole, on December 4, 1897. It
was also signed and acknowledged by Irvin Eversole and
wife, Elizabeth Eversole, though they do not seem to
have had any interest in the land, but James Eversole
out of abundant caution procured them to join in the deed
with William Eversole and wife. The deed was recorded
in the Perry county court clerk's office on December 22
following its alleged execution. Some time in the year
1900 William Eversole died intestate leaving surviving
him as his only heirs the appellants, plaintiffs below,
Isaac Eversole, et al., and they filed this suit against de-
fendant, Kentucky River Coal Corporation, in which they
sought the cancellation of the alleged deed from William
Eversole to James Eversole upon the ground that it was
a forgery, which fact they averred had been discovered
by them only a short while before the filing of the suit
although the deed had been on record for about twenty
years and they had lived throughout that time in the
neighborhood of the land. The answer denied the aver-
ments of the petition and a second paragraph was made
a cross-petition against plaintiffs, and defendant sought
to quiet its title and to perpetually enjoin plaintiffs from
slandering it by giving it out in speech and circulating
that they and not defendant were the true owners of the
mineral involved. After preparation the cause was sub-
mitted and the court by its judgment dismissed the peti-
tion and granted to defendant the relief which it sought
in its cross-petition and to reverse that judgment plain-
tiffs prosecute this appeal.

The deed assailed was written by and, according to
the testimony, was acknowledged before T. W. Couch, a

deputy clerk under Arch Cornett, who was county clerk at the time.  The grantors were illiterate and executed the deed by making their marks to their names written by the deputy court clerk according to his testimony.

Our statute, section 3760, says: "Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer." This case is not a direct proceeding against the clerk who took the acknowledgment and his sureties, and under the terms of the statute the burden is cast upon the plaintiffs to sustain their attack of the validity of the deed by the introduction of clear and convincing proof that the certificate of the officer was made through mistake on his part or fraud on the part of some one benefited by the deed. In other words, the statements of the certificate that the grantors executed the deed, as written, and acknowledged it to be their act and deed are presumed to be true, which presumption must be overcome by the character of proof indicated. Duff v. Virginia Iron Coal & Coke Co., 136 Ky. 281; James v. Holdam, 142 Ky. 450; Mosely v. Hamilton, 136 Ky. 680; Anderson v. Dougherty, 169 Ky. 308, and Stamps v. Frost, 179 Ky. 418. Measured by this rule there can be no doubt of plaintiffs' failure to establish their case. Those who purported to sign and acknowledge the deed, except William Eversole, were living and gave their depositions and the substance of their testimony is that if they ever signed, or authorized the deputy clerk to sign, their names to the deed in question they have no recollection of it and if they did so they have forgotten it. Nancy Eversole, the wife of William Eversole, admits that her memory is bad and that about the time of the transaction in question she, with her husband, executed a number of deeds to different parties for the surface and mineral rights in various tracts of land. Irvin Eversole and his wife, Elizabeth, after testifying in the doubtful manner indicated, seek to strengthen their testimony by saying that they never executed any deed to any character of interest in real estate to James Eversole, and yet the fact appears that they did execute a deed to him to a different tract of land about the time of the transaction involved and which

they do not deny. Other facts and circumstances appear in the testimony remotely bearing upon the chief issue; but it is virtually admitted by counsel for appellants that the oral testimony heard was insufficient to sustain the allegations of the petition.

. The original deed executed by William Eversole and others to James Eversole has been brought to this court for our inspection and it shows that the word "James," in the name of the vendee, is written where somthing appears to have been erased, as is also true with the words "the mineral" in that part of the deed describing the property conveyed. It also appears that the consideration of "fifty dollars" as written in the deed is in lieu of, or in the place of, something else which was partially erased and which is too indistinct to be read. Hence, it is earnestly insisted that these apparent alterations, taken in connection with the oral proof, sustained the plaintiffs' right to have the deed cancelled and that the court committed error in dismissing the petition. There is no proof or even a suspicious circumstance to indicate that the erasures and interlineations referred to were made after the execution and delivery of the deed, nor does it anywhere appear, by either direct or circumstantial proof, that James Eversole or any one interested as grantee made or procured to be made any of them. On the contrary it is shown without contradiction that the alterations specified are in the handwriting of the deputy clerk, T. W. Couch, in whose handwriting also are all other parts of the deed. In the body of the deed it is stated to have been executed on November 29, 1897, but it was actually signed and acknowledged, as we have stated, on December 4th of that year. It may be that it was prepared by the deputy clerk with the expectation that it would be executed on November 29th and in preparing it mistakes were made therein and the alterations were made when the deed was actually executed in order to correct such mistakes and make the instrument conform to the facts. But, however this may be, there is no proof whatever to show that the alterations were made either through mistake of the officer, or fraud on the part of the grantee, or that they were not made before the deed was executed and delivered.

There is quite a conflict among the courts concerning the inferences to be drawn where a writing on its face appears to have been materially altered, and concerning the presumption as to the validity or invalidity of the in-

strument and as to the person upon whom the burden rests in such cases to show when the alterations were made.   2 C. J. 1273 and cases cited in notes.   But the same authority on pages 1276 and 1277 points out a well recognized distinction in these respects between an ordinary written contract and a deed duly executed before an officer.   Dealing with the latter case the text on page 1277 says: "The rule that an apparent alteration in an instrument will be presumed to have been made before execution and delivery was early stated to be applicable in the case of a deed, and this rule is supported by many modern decisions although it does not apply or the presumption exist where it is admitted or apparent that the alteration was made after the deed was recorded."   In support of the text many cases from the highest court in a number of the states are cited, including the one of Gunkel v. Seiberth, 27 Ky. Law Rep. 455, 85 S. W. R. 733.   That case had under consideration the effect of material alterations of a deed apparent on its face, and this court in disposing of the question said: "The evidence as to the alteration of the deed was incompetent unless it was shown that the alteration was made after its execution and delivery."   It was followed by those of James v. Holdam, 142 Ky. 450, and Pike County v. Sowards, 147 Ky. 37.   In each of the last two cases referred to the question involved was the effect of an apparent material alteration of a deed, the alterations consisting in a change of the name of the grantee.   In the Holdam case it was contended by plaintiffs that the deed involved was actually executed to "J. W. James" but that it had been fraudulently altered so as to change the name of the vendee to "M. B. James" and the deed showed upon its face such an alteration.   There was no evidence, however, to show when it was made, and the court in declining to hold the deed void said:   "The law does not presume fraud; it does not presume in a case like this that a change was made in a written instrument without authority.   The presumption in such cases is that all changes made in a written instrument were made before delivery, and the burden of proof to show fraud is on him who charged fraud. (Letcher v. Bates, 6 J. J. M. 526; Welch v. Chandler, 13 B. Mon. 420; 1 Greenleaf on Evidence, section 564; N. W. Trust Co. v. Lextzow, 122 N. W. 600; Farmers' National Bank v. McCall, 106 Pac. 866; Ernston v. Christianson, 123 N. W. 711.)"

This rule, especially as applicable to deeds, is based not only upon the refusal of the courts to presume fraud but also upon the further presumption that an officer who is required to make a certificate will truly state the facts therein. In other words, it will be presumed that the certificate of the officer contains the truth rather than a falsehood, inserted through his mistake, or fraud on the part of the one to be benefited. Hence, this court, in the case of Duff v. Virginia Iron, Coal & Coke Co., *supra*, in passing upon the verity of a certificate of acknowledgment said: "It will not do to lightly set aside the certificate of such an officer. To authorize its overthrow, the court should have before it such evidence as will leave no doubt that the officer had been guilty of fraud or mistake."

In the instant case there is not only a failure of proof of any mistake or fraud of the officer or other person, or that the alterations were made subsequent to the execution and delivery of the deed, but on the contrary it is affirmatively established by the clerk who took the acknowledgment that the alterations were in his handwriting and that he did not make them after the execution and delivery of the deed. Necessarily they must have been made before or at the time of its delivery.

We have refrained from discussing the questions of limitation and estoppel, relied on and argued in brief, even if there is any room for their application under the facts of this case (which is not determined), since the conclusions reached render their consideration unnecessary.

Wherefore the judgment is affirmed.