## Lawson v. First National Bank of Jackson.

(Decided June 8, 1928.)

### Appeal from Breathitt Circuit Court.

1. Appeal and Error.—The chancellor's finding, on conflicting evidence preponderating in its favor, that verbal sale of land was to husband, not to wife, intervening in suit against husband by bank, tracing title through sheriff's deed under execution on judgment against husband, will be accepted.

2. Adverse Possession.—Wife, intervening under Civil Code of Practice, sec. 29, in suit against husband by bank tracing title to land sued for through sheriff's deed under execution against husband, had burden of establishing her claim of title by adverse possession; she being, not a substituted defendant, adopting her co-defendant's trespasses and undertaking to defend for him, but a strict intervener.

3. Quieting Title.—Wife, seeking to quiet title to land by intervening petition in suit against husband by bank, tracing title through sheriff's deed under execution on judgment against husband must recover on strength of her title, not on weakness of her adversary's title.

E. C. HYDEN for appellant.

W. L. KASH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee started this suit against F. M. Lawson, claiming that it was the owner and in possession of a described boundary of land, title to which it had acquired as a remote grantee ''by reason of a sheriff's sale of

same on an execution on a judgment against" F. M. Lawson. The appellee further averred that Lawson was trespassing upon the property and cutting timber. It prayed to be adjudged the owner and entitled to the possession of the land, and that Lawson be enjoined from further trespasses and from further cutting the timber. Lawson by his answer put in issue the title of the appellee, and affirmatively averred that his wife was the owner of the property. He did not undertake, however, to justify the trespass and cutting of the timber as the tenant or agent of his wife. Later his wife filed an intervening petition, in which she also put in issue the title of the appellee, and then affirmatively averred that title and ownership of the property was in herself. She did not adopt the trespasses and cutting of the timber on the part of her husband, complained of in the appellee's petition, as her own, either because of her husband being her tenant or her agent. She simply claimed to be the owner of the property and asked that her title be quieted. By reply the appellee put in issue the affirmative allegations of Lawson's answer, and by another reply put in issue the affirmative allegations of the intervening petition of Mrs. Lawson; she having been made a party and her intervening petition considered as her answer, pursuant to section 29, of the Civil Code. The parties then took proof, and on final submission the court adjudged the appellee the relief it sought against Lawson, and dismissed the intervening petition of Mrs. Lawson. She alone appeals.

We are concerned with the correctness of the judgment only in so far as it affects Mrs. Lawson. She undertook to establish her title to the property under a verbal sale of it to her by one Ira Taulbee, coupled with possession of the land to a well-defined boundary adverse to the world for a period of over 15 years from the date of the claimed sale. The bank undertook to trace its title through the sheriff's deed above mentioned back to F. M. Lawson, and from him back to Ira Taulbee under a verbal sale of the land by him to Lawson. On the question whether the sale by Ira Taulbee was to F. M. Lawson or to Mrs. Lawson, the evidence is in much conflict, but preponderates on the side that the sale was to F. M. Lawson. The chancellor so found, and his finding of fact under familiar law will be accepted.

Mrs. Lawson failed to satisfactorily establish her claim of title by adverse possession. However, even if

this be so, she insists that the appellee failed to establish its title to the property, because, its title having been put in issue, it devolved on it, among other things, not only to establish the sheriff's deed above mentioned, but also to prove a valid judgment supporting the execution under which the sale was had and the deed made, which the appellee failed to do. See Lowther Oil & Gas Co. v. McGuire, 189 Ky. 681, 225 S. W. 718. She says that the appellee must recover on the strength of its own title and not on the weakness of her title. Conceding all the appellant claims to be true in this regard, we are yet confronted with the question upon whom was the burden of proof in this case as between the appellant and the appellee. The appellant was not a substituted defendant, adopting the trespasses of her co-defendant and undertaking to defend for him, but was a strict intervener. See Newman, Pleading and Practice (2d Ed.) sec. 158 et seq.

It is well settled that the claimant of attached property, who intervenes under section 29 of the Civil Code to establish his claim, has the burden of proof. Daugherty v. Bell National Bank, 175 Ky. 513, 194 S. W. 545. We see no distinction between a claimant of personal property involved in litigation between others and a claimant of real property likewise so involved. If such a claimant chooses to intervene in litigation pending between others, he may do so under section 29 of the Civil Code, but it is the same as though such claimant had brought an independent action, which by order of court was later consolidated with the pending action.

This being true, the burden of proof was upon Mrs. Lawson, and she had to recover on the strength of her title and not on the weakness of that of her adversary. As she failed to establish her title, it results that the lower court did not err in dismissing her intervening petition, and its judgment is affirmed.

Whole court sitting.