**SHEPHERD v. ROWE et al.**

Court of Appeals of Kentucky.
Nov. 21, 1951.

.Grannis Bach, Steve C. Bach, Jackson, for appellant.

Williams & Allen, O. J. Cockrell, Jackson, for appellees.

STANLEY, Commissioner.

The appeal is from a judgment denying specific performance of a contract to convey fifty acres of land.

The appellees have neglected to file a brief, so we accept the appellant's statement of facts as full and correct, and make only a cursory examination of the record for a better understanding of the case. Rule 1.340; Skaggs v. Ohio Valley Rock Asphalt Co., 292 Ky. 758, 166 S.W.2d 1005.

The appellee, Mrs. Pearlie Rowe, executed a contract on June 30, 1948, selling and agreeing to convey the land to the appellant, William Shepherd, for $800. He paid $200 in cash and bound himself to pay the balance upon delivery of the deed on or before July 15, 1948. Before that day he tendered the balance and demanded a deed. The vendor refused upon the ground that she had discovered the property was worth much more than the agreed price. The suit for specific performance was filed within the month.

The defendant pleaded the plaintiff had procured the contract by false and fraudulent representations.

About a year later eight children of Mrs. Rowe filed an intervening petition alleging that she did not have title to the land; that title had been in their deceased father and had descended to them. They charged that their mother's name had been substituted for his in the deed after his death and before it was recorded. The mother offered no defense to this pleading. The court adjudged the defendant, Pearlie Rowe, had no title to the land and same was in the intervening heirs of Galen Rowe, hence, dismissed the petition.

We consider the issue of fraud and misrepresentation in obtaining the contract. Mrs. Rowe and her family had lived on the land for many years until she moved to Indiana, several years before the contract was made. Meanwhile, the house on it had burned. Shepherd owned adjoining land and had also grazed a nearby, large tract belonging to a mining company. Mrs. Rowe testified that during the negotiations she had asked Shepherd "if there was no business going on back there, no talk of no railroad no way, no oil leased, and he said it was just an old dead country like it was when I was there, there was not as much as a wagon road through there." He and two witnesses who she says were present denied such statement was made. Mrs. Rowe undertook to prove by cross-examination

of these witnesses and of the plaintiff that there was at the time talk of a railroad being built into that section of the country, but they were only rumors spread over a period of several years. A survey of a railroad had been made up Licking River in Magoffin County eight or ten miles from this land. Afterward, a railroad was constructed in the vicinity, but there is no proof that this particular land has coal or other minerals, or that the building of the railroad enhanced the value of the property. It is apparent that this was not sufficient proof of fraud authorizing a rescission of the contract.

 The children were properly permitted to intervene and to make their petition a cross action against their mother seeking judgment of title. Sec. 29, Civil Code of Practice; Lawson v. First National Bank of Jackson, 225 Ky. 58, 7 S. W.2d 495.

We consider the issue of substitution of the mother's name in the deed. The deed is dated November 6, 1917, and was recorded August 12, 1930. The grantor is W. M. Rowe and the grantee is Pearlie Rowe. George Rowe testified that about two years after his father's death (which seems to have been in 1927) he saw his sister, Bettie Rowe, now deceased, erase the name of their father, Galen Rowe, and write in the name of their mother as grantee. She did so, she said, in order that their mother might get something out of the land. Several of the children were present in the house, but so far as the witness knew none of them knew anything about the alteration of the instrument. None of them testified. George Rowe had accepted a deed from his mother for the minerals and had it recorded after the execution of the contract to Shepherd. When Shepherd told George he wanted to buy the place, George did not say anything about his mother not being the owner. Mrs. Rowe stated she saw the deed had been changed when she "picked it up" to have it recorded. The scrivener testified that the name "Pearlie" was not in his handwriting, but he did not say that the change was made after he took the acknowledgement

of the grantor. There is evidence that throughout the years Mrs. Rowe claimed title, listed it for taxation, sold the timber, leased the land, and otherwise exercised proprietorship for a period of more than fifteen years. Her children never had questioned her title until a year after this suit was brought. They failed to meet the burden of proof resting upon them. On the contrary, the evidence established title in Mrs. Rowe. James v. Holdam, 142 Ky. 450, 134 S.W. 435; Pike County v. Sowards, 147 Ky. 37, 143 S.W. 745; Eversole v. Kentucky River Corporation, 189 Ky. 471, 225 S.W. 50.

The judgment is reversed with directions to enter a decree for specific performance of the contract.