### Horseshoe Coal Company v. Fields, et al.

### Same v. Jones, et al.

### Same v. Carr, et al.

(Decided February 6, 1925.)

## Appeals from Laurel Circuit Court.

1. Vendor and Purchaser—Recording of Conveyance, Not Entitled to Record, Does Not Impart Constructive Notice.—Recording of conveyance which, because not acknowledged by president of grantor corporation who executed it nor witnessed by two witnesses, was not entitled to record, does not impart constructive notice.

2. Vendor and Purchaser—Evidence of Defendant's Possession and Mining Operations Held to Charge Subsequent Purchaser with Notice of Defendant's Rights.—In action to determine title and rights to coal, evidence of defendants' possession of premises and mining operations thereon held sufficient to charge subsequent purchaser with notice of defendants' rights, regardless of whether their conveyances or leases were recorded, or were entitled to be recorded.

3. Mines and Minerals—Conveyance of Minerals by Implication Carries Reasonably Necessary Use of Surface.—An outright conveyance of minerals under land carries by implication the right of the vendee to make such use of the surface as is reasonably necessary to mine and market the minerals.

4. Mines and Minerals—Conveyance of Coal Held Absolute, Notwithstanding Limitation as to Period Within which Timber Might be Used or Removed.—A conveyance of coal, with right to purchaser to make specified uses of certain sidetracks, rights of way, and structures on the surface, held to be an absolute conveyance of the coal without limitation of time for removal, notwithstanding clause restricting use or removal of timber to term of 12 years.

H. C. CLAY for appellant.

GEO. G. BROCK and HAZELWOOD & JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming on the original appeal and reversing on the cross-appeal.

On and prior to October 16, 1902, the New Diamond Coal Company, a corporation, owned a tract of land in Laurel county containing something near 150 acres and situated about half way between the towns of Pittsburg and East Bernstadt and on that day it, by its president,

executed a writing to Perry V. Cole which, omitting signature, is in these words:

"THIS AGREEMENT, made this 16th day of October, 1902, by and between New Diamond Coal Company, incorporated, of Altamont, Kentucky, party of the first part, and Perry Cole, of Pittsburg, Ky., party of the second part.

"WITNESSETH: That for and in consideration of $400.00, $200.00 in hand paid and two notes executed this day, one payable in six months for $100.00, and one in twelve months for $100.00, the party of the first part has sold and by these presents do hereby convey to the party of the second part all the coal underlying two tracts of land near Pittsburg, Kentucky, and known as the Kentucky Coal Company property, formerly belonging to James Pitman and Mrs. Maggie Givens. The party of the second part has the use of the present side tracks not including three spur tracks for two years; also the use of the John Moore house and two batch houses free of rent for a term of two years. He, also, has the right to the right of way over the above named land, to build a tram coal road or wagon road, or the use of any timber on the above named tracts for the term of twelve years, with the rights to sink any air shafts for the successful operation of the coal underlying the above named tracts of land."

The vendee therein immediately began mining operations on and under the tract of land therein described and continued to do so in person for a number of succeeding years, after which he sold the coal under about 20 acres of it to appellee and defendant, Wells, who himself conducted mining operations on that portion of the tract and afterwards leased and transferred the right to mine coal under it to others of the appellees and defendants, and Perry V. Cole or his lessees or vendees have continued to take out coal from portions of the 150 acres covered by his contract with the New Diamond Coal Company from the time of his purchase until the filing of these consolidated actions. On March 7, 1906, the New Diamond Coal Company sold all of its holdings in Laurel county to the Phoenix-Jellico Coal Company, including the 150 acres covered by the Perry V. Cole contract, and at that time mining operations were being prosecuted on the land covered by that

contract. In 1917, the Phoenix-Jellico Coal Company ex-
ccuted a mining lease to appellant and plaintiff below,
Horseshoe Coal Company, on all of its holdings, includ-
ing the 150 acres covered by the Perry V. Cole contract,
and on November 24, 1919, plaintiff purchased from the
Phoenix-Jellico Coal Company all of its holdings which
plaintiff was then occupying under its lease above men-
tioned, and at the time of the taking of its lease and also
at the time it made its purchase the same character of
operations were being prosecuted on the 150 acres covered
by the Perry V. Cole contract. It filed these three consoli-
dated actions, one against Perry V. Cole and the others
against his vendees or lessees, alleging in its petitions
that it was the owner of the 150 acres, together with all
of the mineral thereunder and that defendants were
claiming some interest in the coal and were going upon
the land to mine it, thereby committing trespasses
thereon and damaging it. Plaintiff prayed that it be ad-
judged the owner of that tract with all the minerals
thereunder and that defendants be adjudged to have no
interest in the latter and be enjoined from asserting any
interest thereto or trespassing upon the land, and the
petitions furthermore sought judgment for the amount
of coal that defendants had taken therefrom.

The latter answered claiming title to the coal by
virtue of the contract from the New Diamond Coal Com-
pany to Perry V. Cole, hereinbefore inserted, and fur-
thermore pleaded that Perry V. Cole and his successors
in title had been in the notorious adverse possession of
the coal under that tract for more than 15 years, claim-
ing it as their own, and that they had so acquired an
absolute title thereto, and also that they were in such
possession and making such claim at the time plaintiff
acquired its title, which rendered its conveyance cham-
pertous. The contract executed to Perry V. Cole by the
New Diamond Coal Company was not acknowledged by
its president who executed it and was, therefore, not a
recordable instrument, since it also was not witnessed
by two witnesses. Notwithstanding that fact it was
recorded, but not having been acknowledged nor executed
as required by law so as to entitle it to registration, the
recording of it did not serve to impart constructive
notice. Plaintiff, therefore, in its reply, averred the
above facts concerning the execution of the Perry V.
Cole agreement and that at the time it made its purchase
it had neither actual nor constructive notice of that con-

tract and it was, therefore, an innocent purchaser for value. It, furthermore, claimed that Cole's contract, properly construed, conveyed to him only such an amount of coal as he could or did mine within twelve years thereafter, at which time the right conveyed to him terminated, which was on October 16, 1914, and that neither he nor any of the defendants had any rights whatever in the described tract of land thereafter.

Appropriate pleadings made the issues and, upon submission after preparation, the court adjudged that the contract of the New Diamond Coal Company with Perry V. Cole conveyed to him all the coal under the described land but limited his right to go upon the land to extract it to twelve years thereafter, and it enjoined defendants from going upon any portion of the tract for the purpose of mining operations thereon. From that judgment plaintiff prosecutes this appeal, insisting that the court erred in that part of its judgment construing the contract as an absolute conveyance of the coal, and defendants have prayed and obtained a cross-appeal from that part of the judgment limiting their right to go upon the tract for the purpose of mining the coal to twelve years after the execution of the contract. The questions, therefore, for determination are: (1), did plaintiff at the time of its purchase from the Phoenix-Jellico Coal Company have notice of the contract between the New Diamond Coal Company and Perry V. Cole, and if so then (2), what interest did that contract convey?

1. It seems to be conceded by counsel for appellant that the evidence was abundantly sufficient to show, as the court found, that plaintiff was in possession of such facts at the time it made its purchase as to charge it with notice of the Perry V. Cole contract. We make that statement because in brief of plaintiff's counsel he does not combat that fact, but relies for reversal exclusively upon the alleged error of the court in construing it. If, however, it were otherwise, we have no hesitancy in concluding that plaintiff, at the time of its purchase, knew of the mining operations being conducted on the 150 acres covered by the Cole contract, and, under a familiar principle of law, it had notice of any and all facts which an inquiry concerning such operations would have revealed. In other words, it knew that others were in possession of coal mining operations on that tract of land and under the familiar principle that possession

is notice of the character of title of the possessor, it must be charged with knowledge of whatever the Perry V. Cole contract conveyed. Russell v. Petree, 10 B. Mon. 184; Bennett v. Titherington, 6 Bush 192; Warden v. Addington, 131 Ky. 296; Everidge v. Martin, 164 Ky. 497; Allen v. Ligon, 175 Ky. 767; May v. C. & O. R. Co., 184 Ky. 493; Charles v. Whitt, 187 Ky. 77, and Ky. River Coal Corporation v. Sumner, 195 Ky. 119. That being true the rights of the parties herein must be determined as if the conveyance by the New Diamond Coal Company to Perry V. Cole had been duly acknowledged and recorded, since actual notice of the facts was possessed by plaintiff the same that it would have known constructively had that conveyance been duly and properly recorded; which leaves for our consideration question (2) above.

2. Without clear language repelling such a construction, an outright conveyance of the minerals under land carries by implication the right of the vendee to make such use of the surface as is reasonably necessary to mine and market the conveyed minerals. Blue Grass Coal Corporation v. Combs, 168 Ky. 437, 18 R. C. L. 1156, paragraph 66, and annotations to case of Schobert v. Pittsburg Coal & Mining Company, 254 Ill. 474, reported in 1913B Am. Ann. Cases, page 1104, annotations beginning on page 1106. The general doctrine as stated in the text and in the annotations referred to, briefly stated, is: ''The express grant of all the minerals or mineral rights in a tract of land is, by necessary implication, the grant also to work them, unless the language of the grant itself repels this construction.'' The great number of cases cited in the annotations supporting that doctrine established it as a settled principle of law, and we have been unable to find any to the contrary. But we need not invoke that doctrine for the purpose of properly construing the contract here involved, the first part of which undoubtedly and concededly makes an absolute conveyance to the vendee of the coal under the described land for a named consideration which, under the proof, has been paid. However, in a subsequent part of the conveyance this language is used: ''He (the vendee Cole), also, has the right to the right of way over the above named land to build a tram road or wagon road, or the use of any timber on the above named tracts for the term of twelve years, with the rights to sink any air shaft for the successful operation of the coal underlying the above

named tracts of land;" and it is insisted by appellant, and the court so held that the clause, which is set off from the context by commas, "or the use of any timber on the above named tracts for the term of twelve years," is a limitation of the right for rights of way for tram roads and wagon roads over the surface of land; and as a consequence defendants lost the right to use such tram roads and wagon roads after the expiration of twelve years. We, however, do not so construe the effect of that limiting clause. Immediately following it the unlimited right to sink air shafts "for the successful operation of the coal" underlying the land is conferred on the grantee, which is entirely inconsistent with the construction contended, i. e., that the right of the vendee to go upon the land to perform any act in connection with mining operations was limited to twelve years. Restrictions upon the use of conveyed property should be clearly and unambiguously stated, and especially so when the restrictions contended for would amount practically to a nullification of the conveyance or a forfeiture of the conveyed property. It is, therefore, our conclusion and which we think is fully justified by the context, that the twelve year limitation clause applied only to the right to take timber from the surface of the land and that the clause does not qualify or modify the right to build, construct or use tram roads or wagon roads; and such construction of the language of the contract is more logical and in conformity with settled rules of construction than the one contended for by plaintiff, independently of any of the considerations we have mentioned as inducements to that conclusion. The limiting clause, as we have seen, is an independent one separated from the context by commas and deals only with the right to take timber from the land. That limitation does not so materially curtail or impair the property rights of the mineral owner as would be done if the construction insisted upon by plaintiff should be adopted. We, therefore, conclude that the conveyance of the coal by the New Diamond Coal Company to Perry V. Cole expressly carried with it the right to the use of the surface for air shafts, tram roads and wagon roads without limitation, but that the owner of the coal could take no timber from the land after the expiration of twelve years from the date of the contract. The question as to the taking of the timber from the surface from that date is not involved in these controver-

sies, and the court erred in enjoining defendants from using the surface in the manner indicated.

Wherefore, the judgment is affirmed on the appeal and reversed on the cross-appeal with directions to set it aside and to dismiss the petitions.