**W. W. LINDSEY et al., Appellants,**

v.

**Clifford WILSON et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 26, 1960.

Henry D. Stratton, Pikeville, for appellants.

F. Dale Burke, Pikeville, for appellees.

STANLEY, Commissioner.

We have a motion for an appeal, KRS 21.080, from a judgment dismissing a complaint seeking damages for the wrongful injury to gas pipe lines on a leasehold and the loss of production.

■ Service of notice of an appeal was had upon the defendants in the action on February 25, 1958, and the motion for an appeal was filed here April 23, 1958. Our Clerk notified appellees' attorney on September 25, 1958, that his brief was past due and later advised him that the case had been submitted on October 17, 1958. But no brief has been filed by the appellees. Under our Rule 1.260 we accept and decide the case on the appellants' statement of facts and issues as being correct.

The appellants, W. W. Lindsey and three others, are the owners of a gas lease on about five hundred acres belonging to Troy Deskins. Two producing wells on a hill or mountainside about 3,000 feet apart and approximately on the same elevation, were connected by two pipe lines laid on the surface. The gas was carried from the second well by a buried pipe to a compressor station and into the gas lines of the Kentucky and West Virginia Gas Company. The pipes above the surface were regarded as temporary lines. In previous litigation between the lessees and Deskins, it had been adjudged that these pipe lines were located in a reasonable manner and did not unreasonably interfere with the ordinary use of the surface of the land.

■ Deskins had sold the standing timber on the hill or mountain to the appellees, Clifford Wilson and Merritt Williams. In their logging operations the appellees skidded the logs down the mountainside to a road. In doing so they struck the gas lines and bent or broke them in forty or fifty places. The appellants were given no notice of the intention of the logging operation. One of the appellees' laborers told a "handy man" of the appellants of the proposed work the day before it was started, but the information was not reported to the appellants or any of their superior employees. It could not be regarded as notice to appellants. The exposed pipe lines were, of course, visible to the loggers.

■ An oil and gas lessee, or owner of the minerals, unless expressly limited by the terms of the lease or conveyance, has the right to use and occupy so much of the surface as may be necessary and reasonably convenient in the exercise of his rights in operating his facilities and marketing the oil or gas, even to the preclusion of any other surface possession. On the other hand, the lessor, or owner of the surface, and those in privity with him, may utilize the surface as he pleases so long as he does not interfere with the legitimate and reasonable activities and operations of the lessee or mineral owner. The rights are correlative and must be exercised with due regard which each demands. Horseshoe Coal Co. v. Fields, 207 Ky. 172, 268 S.W. 1078; Jenkins v. Depoyster, 299 Ky. 500, 186 S.W.2d 14; Blue Diamond Coal Co. v. Press Eversole, Ky., 253 S.W.2d 580; 58 C.J.S. Mines and Minerals § 201(e); Willis' Thornton on Oil and Gas, § 131; Summers, Oil and Gas, § 652.

■ It is apparent that the appellants proved their action for damages for the destruction and injury of their pipe line by the appellees, who were trespassers upon their rights as lessees.

It is undisputed that the appellants suffered definite pecuniary damages to the amount of $869.72. They claim they are also entitled to recover what they term "lost profits" while the gas wells were out of production, which was during the month of October, 1956. It is submitted that as the cost or original investment was in the development of the lease, the proceeds of the gas constitute profit. Based upon the average daily production of 280,000 cubic feet of gas, the appellants contend they suffered a minimum financial loss of $1,292.42. The claim is really for the value of gas lost by

reason of the interference in recovering it. But it was not shown there was any depletion or that the gas was forever lost. The damages claimed on this account were too speculative to authorize recovery therefor.

The motion for an appeal is sustained and the judgment reversed with directions to enter another judgment for the plaintiffs in the sum of $869.72.