**Tom McCOWN, Appellant,**

v.

**John W. MOORE, Appellee.**

Court of Appeals of Kentucky.

Dec. 1, 1961.

Rehearing Denied Jan. 26, 1962.

E. R. Hays, Baird & Hays, Pikeville, for appellant.

Sanders & Redwine, Pikeville, for appellee.

MONTGOMERY, Judge.

John W. Moore sued Tom McCown to recover damages for injuries sustained by the overturning of the McCown jeep and trailer. The trial court directed the jury to find a verdict for Moore, which it did in the sum of $6,493. McCown argues that he was entitled to a directed verdict because Moore was guilty of contributory negligence as a matter of law, or in lieu thereof he should have been entitled to have the case submitted to a jury on instructions as to joint enterprise, contributory negligence, and duties and negligence of appellant.

■ The appellee has failed to file a brief in the time allowed; hence, the case is considered on the statement of facts and issues contained in the appellant's brief. RCA 1.260(c) (1). The Court also is authorized to reverse the judgment if appellant's brief reasonably appears to sustain such action. RCA 1.260(c) (1, 2). Shepherd v. Rowe, Ky., 243 S.W.2d 915; Allen v. Murphy, Ky., 255 S.W.2d 23; Calvert Fire Insurance Co. v. Osborne, Ky., 267 S.W.2d 727; Lindsey v. Wilson, Ky., 332

S.W.2d 641; Delong v. Delong, Ky., 335 S.W.2d 895.

Moore sustained injury to a foot when McCown's jeep and trailer loaded with scrap lumber turned over. The evidence is in conflict as to whether Moore gave the lumber to McCown or McCown was hauling it for Moore. The lumber was loaded on the trailer by Moore without the assistance of McCown. There was some discussion about the manner in which the lumber was loaded. It was sticking out over the back of the two-wheel trailer and was not well balanced. A short piece of lumber was placed in the front of the trailer to balance the weight before it was hitched to the jeep.

· The parties are in dispute as to the cause of the overturning, but McCown attributes it to the improper manner in which Moore loaded the trailer. McCown contends that there was no evidence of negligence on his part and that Moore was contributorily negligent because he loaded the lumber and knew the danger involved in transporting it over the highway. McCown says that Moore assured him that the trailer was properly loaded and that it would be satisfactory for transportation over the highway, thus assuming the risk.

■ Under the rule mentioned, the statement of the facts and issues made by Mc-Cown is accepted. On retrial, if the facts shown are substantially the same, the case should be submitted to a jury under instructions covering the duties and negligence of McCown and the contributory negligence of Moore. McCown concedes that Moore had no control over the driving of the jeep, thus eliminating the joint enterprise question. Wright v. Kinslow, Ky., 264 S.W.2d 673.

Judgment reversed and a new trial awarded in conformity herewith.