In re KY USA ENERGY,
INC., et al., Debtors.

K & D Energy, et al., Plaintiff(s)

v.

KY USA Energy, Inc., et
al., Defendant(s).

Bankruptcy No. 10–11424(1)(11).
Adversary No. 10–01049.

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

Aug. 1, 2011.

Daniel N. Thomas, Thoms & Arvin, David E. Arvin, Hopkinsville, KY, for Plaintiffs.

Scott A. Bachert, William Codell, Harned Bachert & McGehee PSC, Bowling Green, KY, John D. Bertram, Joseph A. Bott, Campbellsville, KY, for Defendants.

### MEMORANDUM–OPINION–ORDER

JOAN A. LLOYD, Bankruptcy Judge.

This matter came before the Court on the Motion for Partial Summary Judgment filed by Defendants KY USA Energy, Inc., et al. as to Count IX [1] of the Complaint of Plaintiffs K & D Energy, Inc., et al. The Court considered the Memorandum of Law in Support of the Motion for Partial Summary Judgment and the Exhibits filed in support thereof by the Defendants, the Response of the Plaintiffs, including the Exhibits and Affidavits filed in support thereof, the Reply of the Defendants, as well as the Court's own research.

The oil and gas leases attached to the Defendants' Motion for Partial Summary Judgment as Exhibits A, B and C, granted Timberjacks, Inc. and Table Rock Petroleum, LLC the "rights of way and easements for laying pipe lines" and associated "rights and privileges necessary, incident to, or convenient for the economical operation alone or jointly with neighboring lands ..." for the production of oil and gas for wells drilled on the Plaintiffs' real property referenced in the leases. These rights were assigned and conveyed to KY USA Energy through the Farmout Assignment executed between K & D Energy and KY USA Energy on October 4, 2007, a copy of which is attached as Exhibit D to Defendants' Motion for Partial Summary Judgment.

Under well established Kentucky law, Defendants had the right to construct a pipeline system across the property of the Plaintiffs addressed in the leases. *See*, *Lindsey v. Wilson*, 332 S.W.2d 641, 642 (Ky.1960) ("An oil and gas lease, or owner of minerals, unless expressly limited by the terms of the lease or conveyance, has the right to use and occupy so much of the surface as may be necessary and reasonably convenient in the exercise of his rights in operating his facilities and marketing the oil and gas, even to the preclusion of any other surface possession.") and *Wiser Oil Co. v. Conley*, 346 S.W.2d 718, 722 (Ky.1961) (wherein the court determined that a provision in gas lease granting "right of way for any purpose," gave the lessee a right to use of right of way reasonably required in connection with operation of the lease, but did not permit use of surface of leasehold to produce minerals from other lands, in the absence of an express agreement.) This fact is not disputed by the Plaintiffs. Plaintiffs, however, dispute Defendants' rights to construct

---

1. Plaintiffs mistakenly denominated two counts of the Complaint as "Count IX", the first encompassing par. 66–70 and the second par. 71–79. The Defendants Motion for Partial Summary Judgment applies only to the first Count IX, par. 66–70.

"gathering lines" as opposed to "feeder lines." The undisputed facts establish that the real estate Plaintiffs are asserting a claim of trespass on are not addressed in Count IX, par. 66–70. They are addressed in other areas of the Complaint not covered by Defendants' Motion for Partial Summary Judgment. Therefore, there are no grounds for the claim of trespass as to these properties addressed by the leases. Insofar as Count IX of the Plaintiffs' Complaint refers to these properties, the Motion for Partial Summary Judgment is **GRANTED.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment as to Count IX, par. 66–70, filed by Defendants KY USA Energy, Inc., et al. as to the Complaint of Plaintiffs K & D Energy, et al., be and hereby is, **GRANTED.**